Judge Robertson
delivered the opinion of the Court.
Garrison, in deducing title to a tract of land in Jessamine county,, in an action of ejectment vs. Haydon, offered a deed, certified by the clerk of the county court of Fayette, for the land, acknowledged and recorded in Fayette. The land lay in Fayette at the date of the deed, but at the date of the acknowledgment, it was in Jessamine; the latter county having, in the mean time, been established. And the only question tobe decided, in this case is, whether the court erred in rejecting the d.eed.
A proper construction of either, the letter or object, of ’the act of Assembly, which requires deeds for land to be recorded in the county in which the land lies., must sustain the opinion of the circuit court.
The deed must be recorded in the county in which-the land lies at the time the deed is deposited for registration. When a party is about to deposit his deed to be recorded, the act of Assembly addresses him in this language: “Have it recorded in the county in which the land liesthat is, the. county in which it lies now, when you make the deposit.
The object of this requisition, is to give notice in the county, of the transferrence of the title to the land.
As, therefore, the clerk of Fayette had no legal right t'o receive the acknowledgment, his certificate of the. *223 '¡¡act of the acknowledgment, is no authentication 'of the deed.
Crittenden, for appellant.
The recording a deed not being necessary to pass the title, as between the parties to it, proof of the original by the subscribing witnesses, would have been sufficient for the plaintiff in this case. But as he chose not to offer such proof, and relied on the certificate of the Fayette clerk, he must abide the consequence of his error. See Astors vs. Wells and al., 4 Wheaton, 466.
The judgment of the circuit court is affirmed.